**STATE ex rel. STATE HIGHWAY COMMISSION of Missouri, Appellant,**

**v.**

**Calvin C. GALLOWAY et al., Defendants, Jessie Rose Donica and Grover C. Donica, Respondents.**

**No. 45813.**

Supreme Court of Missouri, Division No. 2.

April 8, 1957.

Robert L. Hyder, Minor C. Livesay, Jefferson City, for appellant.

Miller, Fairman & Sanford, John H. Fairman and J. Weston Miller, Springfield, for respondents.

BARRETT, Commissioner.

The particular matter involved upon this appeal stems from a condemnation proceeding. In connection with the construction of an overpass at the junction of

Highway Routes 66 and 166 west of Springfield, the State Highway Commission condemned certain land including a part of a tract owned by Grover C. and Jessie Rose Donica. The petition in condemnation was filed in the Circuit Court of Greene County on May 15, 1951. It does not appear that any question was raised concerning the principal proceeding. Almost immediately commissioners were appointed to assess damages, and on June 20, 1951, filed their report with the clerk of the circuit court awarding the Donicas $7,890. Within a week both the state and the landowners filed exceptions to the award. It does not appear that either party took any further step or action in the matter until July 1, 1954, when the state deposited the amount of the award, $7,890 with the clerk of the circuit court. The Donicas signed a receipt for the check on the same day and cashed it. On November 30, 1954, upon trial of the exceptions, a jury found that the Donicas were entitled to $10,000 damages for the taking of their property and, of course, upon the trial the value of the land was limited to the date of June 20, 1951. The state paid the excess or difference in damages found by the jury, $2,110, into the clerk's office on January 22, 1955, but the Donicas have not seen fit to take that sum down. In any event, a final judgment was entered in accordance with the jury's verdict; neither party filed a motion for a new trial and there was, of course, no appeal by either party. In fact it does not appear upon this record that any other or further step was taken in either the principal proceeding or the trial of the exceptions in Division One where the proceeding was instituted and where, this record recites, the exceptions were tried.

The next thing that appears is that on February 8, 1955, the Donicas filed in "The Circuit Court of Greene County, Missouri," apparently as a separate and distinct matter, what they have denominated "Defendants' Motion For An Order Directing Payment Of Statutory Interest On Judgment Rendered." The motion was styled "State of Missouri, ex rel State Highway Commission of Missouri, Plaintiff, vs. Calvin C. Galloway, et al—Jessie Rose Donica and Grover C. Donica, Defendants." In the motion the Donicas set forth the fact of the condemnation proceedings, the judgment of condemnation, the filing of the commissioners' report, the fact of the exceptions, the trial of the exceptions and the facts concerning the deposits of the $7,890 and the $2,110. The motion then stated that in addition to the sums paid into court the Donicas were entitled to interest (computed under the general interest statute, V.A.M.S. § 408.040) at six per cent on the $7,890 from June 20, 1951 (date of the award) to April 20, 1954 (the date that sum was paid into court and accepted) in the sum of $1,341.30. The motion also stated that they were entitled to interest on the $2,110 from June 20, 1951, to January 22, 1955 (the date that sum was paid into court) in the sum of $453.65. And they therefore prayed that an order be entered allowing them interest in the total sum of $1,794.95. The motion was served upon counsel for the State Highway Commission. The next recital is that the judge of "Division No. 1 of the Circuit Court of Greene County" made an "order and decree" sustaining the motion for interest. After notice of its intention to do so, the State Highway Commission appealed from "the judgment and order" to the Springfield Court of Appeals.

The appeal was submitted to the Springfield Court of Appeals, as it is here, under a "Stipulation For Agreed Statement Of Case" V.A.M.S. § 512.120, and the facts stipulated are substantially as they have been set forth in the two preceding paragraphs. Upon those facts the Springfield Court of Appeals held that the Donicas were entitled, as a part of just compensation, Const.Mo. art. 1, Sec. 26, V.A.M.S., to interest on the delayed payments of the awards. But, the court also held that the judgment entered upon the jury verdict awarding them $10,000 had become final and the Donicas, having failed to claim or submit their right to interest prior to the judgment's becoming final, could not recover it

in the manner attempted here and that the circuit court had no authority to thus summarily and belatedly calculate the interest and award it as additional compensation. State ex rel. State Highway Commission v. Galloway, Mo.App., 292 S.W.2d 904. The Springfield Court of Appeals was of the view, however, that the case involved a question of "general interest or importance" and therefore transferred the appeal to this court. Const.Mo. art. 5, Sec. 10.

In this court the principal question briefed and argued is the general right to interest on awards in condemnation proceedings when there has been a delay in the payment of the awards. This problem, in all its ramifications, was recently and thoroughly considered by the Springfield Court of Appeals in a persuasively exhaustive opinion; Arkansas-Missouri Power Co. v. Hamlin, Mo.App., 288 S.W. 2d 14. In that opinion all of the texts, annotations, and cases are collected and authoritatively considered and it would serve no useful purpose to again consider them here, approving, as we do, of that opinion in general. In fact, considering this transferred cause "the same as on original appeal" (as we painstakingly have) Const.Mo. art. 5, Sec. 10, there is but little that could be helpfully added to either of these opinions, especially in the particular and meager circumstances.

In the Arkansas-Missouri Power Company case it was held, in effect, that interest could not be added by subsequently modifying a final judgment awarding damages, or recovered by a nunc pro tunc motion, even though it could be asked for informally prior to final judgment. In this case, there being no request during the trial of the exceptions and no motion of any kind before final judgment, it was held that interest could not be awarded or recovered after final judgment upon a mere unsupported motion addressed to that sole question. The only difference in the two cases is that in the Arkansas-Missouri Power Company case the trial court refused to entertain the motion while in this case the court entertained and sustained the motion. There is no statute or rule governing the procedure with respect to the recovery of interest and the landowners here have seized upon a clause in Section 523.050 of the statute relating to the procedure to be followed upon the filing of the commissioners' report which "may be reviewed by the court" and *the court shall make such order therein as right and justice may require,* and may order a new appraisement, upon good cause shown." This clause is plain enough in its context; how far it could be expanded in meaning we need not prophesy, but it is not sufficiently explicit or so all-encompassing as to cover the situation presented by this record. And the exigencies of this particular case are not such as to demand, under the guise of this statute, the appending of an additional, independent proceeding to the established process of eminent domain. It could be observed that it is neither possible nor feasible to attempt, in the limited factual circumstances of this case, the unrewarding task of laying down a rule of procedure delimiting the circumstances and manner in which a landowner may establish his right to and be awarded interest when there have been delayed payments of just compensation. It is sufficient to say that the procedure followed in this and the Arkansas-Missouri Power Company case is not the appropriate way to recover it.

Accordingly the judgment is reversed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.