STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Appellant-Respondent,

v.

Preston GREEN et al., Exceptions of D. L.
Stuart and Bess Stuart, Appellants-
Respondents.

No. 45907.

Supreme Court of Missouri,
Division No. 1.

Oct. 14, 1957.

Dewey Routh, Rolla, for Green and others.

Robert L. Hyder, Elliott M. Dampf, Minor C. Livesay, Jefferson City, for State Highway Commission.

HOLMAN, Commissioner.

This condemnation proceeding involves a right of way for the relocation of a portion of U. S. Highway 66 in Rolla, Missouri, as a limited access highway. (The Relator, State Highway Commission of Missouri, will be hereafter referred to as plaintiff.) The defendant landowners, D. L. and Bess Stuart, filed exceptions to the report of Commissioners which allowed them no damages, and a circuit court trial thereof resulted in a verdict and judgment for defendants in the sum of $15,000. Plaintiff has duly appealed from that judgment.

The report of Commissioners was filed on March 6, 1953. The foregoing judgment was entered on June 26, 1956. Thereafter, on June 29, 1956, the defendants filed a motion for the allowance of interest on said judgment from March 6, 1953, until such time as it may be paid. That motion was heard and sustained on the date filed. However, upon the hearing of plaintiff's motion for new trial, that order allowing interest from the date of appropriation was revoked and it was ordered that defendants recover interest from the date of the judgment. The defendants have appealed from the order and judgment of the court in that regard. We will first consider the appeal of plaintiff.

The right of way in question ran diagonally through Long Heights Subdivision to Rolla, Missouri, which, on the date of instituting these proceedings, was owned entirely by the defendants. The actual land taken was a tract 250 feet wide and 2,100 feet long, containing 12.34 acres. That this land was of considerable value is not disputed. Plaintiff's right-of-way agent testified to facts indicating that defendants had been damaged to the extent of $10,000. Two other witnesses for plaintiff fixed the amount at $12,000 and $13,250, respectively. The witnesses for defendants fixed the damages at amounts which ranged from $24,000 to $36,500.

Upon this appeal the only contentions made by plaintiff are stated in its brief as follows: "The trial court erred in overruling Relator's (appellant's) motion to dismiss the exceptions of D. L. Stuart and Bess Stuart and by overruling Relator's (appellant's) motion for directed verdict at the close of defendants' (respondents') evidence produced in the trial." We will accordingly state the facts that were developed upon the hearing (prior to the instant trial) of plaintiff's motion to dismiss the exceptions of defendants, which facts apparently form the basis of said contentions.

On November 1, 1951, D. L. and Bess Stuart (together with certain co-owners who subsequently conveyed their interests to the Stuarts) filed a plat of Long Heights Subdivision to the City of Rolla with the Recorder of Deeds of Phelps County. At that time the land described therein adjoined the City of Rolla but no part of it was within the city. By said plat the land was divided into lots and blocks and certain roadway easements were created and dedicated therein. It contained no reference to or description of any proposed state highway. On November 24, 1952, the city council of Rolla passed an ordinance which provided for the calling of a special election to consider the extension of the city limits so as to include the land described in the foregoing plat. At the election held on December 16, 1952, that proposition carried.

The records in evidence indicate that a plat designated as "Amended Plat of Long Heights Subdivision" was presented to the council on January 5, 1953, and that a motion to accept the same was unanimously carried. In the amended plat, many of the lots, blocks and streets had been changed (from those shown on the first plat) and the right of way for "New U. S. Highway 66" is shown thereon. It also contained the following recital: "The owners hereby create roadway and utility easements as indicated in plat below, the same being dedicated to public use forever." That plat was filed with the Recorder of Deeds on January 12, 1953. Shortly after the instant suit was filed, the defendant filed another amended plat with the City of Rolla which was accepted by the city council on March 9, 1953. It was the same as the one that had been accepted on January 5 except that there had been added to the dedicatory clause the words, "except the indicated right of way of U. S. Highway No. 66."

Plaintiff, in its petition, attempted, to some extent, to take advantage of the alleged dedication of the instant right of way. Therein, after alleging that it had been unable to agree with the owners upon the proper compensation, plaintiff, in paragraphs 8, 11.00, 11.10, 11.11, 11.12, and 11.13, actually condemns an easement for the instant right of way. Then in paragraph 11.14, it is alleged that the Stuarts dedicated said land to public use by the amended plat (heretofore described) and that since said plat had been filed after the plaintiff had filed its detailed plans with the county clerk which established Route 66 as a limited access highway, "said Amended Plat of Long Heights Subdivision apparently recognizes that all access rights of defendants as abutting landowners to the proposed highway, Route 66TR, are extinguished and by this proceeding Relator desires to extinguish any and all right of access of the said defendants Stuart, their heirs, successors, and assigns, to said Route 66TR, as herein-

above described, if any such rights remain in the defendants." Stated briefly, it appears that plaintiff actually condemned both the easement and defendants' right of access while also alleging that it had previously obtained the right of way by a dedication which recognized that the right of access had been extinguished.

We think it is very probable that defendants did not actually intend to dedicate an easement for the right of way for Highway 66 by their act of describing the same on the amended plat. It would seem that they inadvertently failed to except that right of way from the dedicatory recital on the plat. Those conclusions would appear to follow from a consideration of the fact that (under the evidence) defendants were damaged a minimum of $10,000 by the appropriation of that easement, and, shortly before the filing of the plat plaintiff had been unable to agree with defendants upon the purchase price for acquiring the easement. Moreover, it appears that immediately after defendants learned of the interpretation plaintiff had placed upon the plat, they filed an amended plat in which they sought to except that right of way from the dedicatory clause.

However, plaintiff, upon this appeal, argues that the secret intention of the defendants may not be considered and that defendants, by said amended plat, clearly and legally dedicated U. S. Highway 66 "to public use forever," which dedication plaintiff was entitled to and did accept, and that defendants are estopped to deny such dedication. Defendants in their brief contend, in part, that (1) the original plat filed (which did not describe the instant right of way) was never legally revoked and hence it is controlling and the amended plat was void and of no effect; (2) that by proceeding to condemn the instant land plaintiff admitted that title thereto was in the Stuarts; and (3) since no question of public use had been raised the only function of the instant proceeding was to determine the question of just

compensation. It will be noted that the said contentions of the parties as to the effect of the filing of the various plats upon this proceeding raise a number of interesting questions. However, for reasons that will hereafter appear, we find it unnecessary to decide those precise contentions.

As heretofore stated, the only assignment of plaintiff upon this appeal is that the trial court erred in overruling its motion to dismiss defendants' exceptions and in overruling plaintiff's motion for a directed verdict filed at the close of defendants' evidence. It is therefore plaintiff's position that as a matter of law defendants were not entitled to recover any damages. The converse necessarily follows that if defendants were entitled to a jury determination of any element of damages, or made a submissible case upon any issue, the court properly overruled both motions.

■ We will assume for the purpose of this discussion (but do not decide) that the amended plat was a valid dedication of the easement for the right of way for Highway 66. There remains, however, the question of the necessity for plaintiff to acquire the right to limit or extinguish defendants' right of access to the instant highway and their right to compensation therefor. In State ex rel. State Highway Comm. v. James, 356 Mo. 1161, 205 S.W.2d 534, 537, we said, "In addition to an interest in the fee, abutting owners have an easement of access from their property to the highway. This constitutes a property right, an interest in land. Section 29 of Article IV of the Constitution [V.A.M.S.] grants the Commission authority to limit the easement of access. How is it to be limited? Lacking consent of the owner there is only one way to limit or extinguish this interest in land and that is by the exercise of the power of eminent domain." The question of the right to have the jury consider the limitation of right of access as a compensable element of damages was further explained and somewhat restricted

in the recent case of State ex rel. State Highway Comm. v. Clevenger, Mo.Sup., 291 S.W.2d 57, but because of the unusual facts and circumstances existing in the instant case we think that decision is not applicable here.

As we have stated, plaintiff, in its petition (and in its motion to dismiss exceptions) made allegations to the effect that defendants may have recognized the limitation of access in their alleged dedication of the right-of-way easement. However, upon this appeal, plaintiff makes no serious contention that it acquired the right to limit access by the alleged dedication. Its brief contains the following: "The only interest or servitude contemplated by appellant's petition is the acquisition (if already not held by condemnor) of any and all rights of access to U. S. Route 66." While that statement contains the parenthetical reservation indicating that said interest may have been previously acquired, no case is cited or argument developed in the brief to support that position. In fact, in oral argument before this court, plaintiff's counsel stated that plaintiff was not contending that the defendants had dedicated the right of way for Highway 66 as a *limited access highway*. We therefore rule that upon the date the petition was filed herein the defendants owned and possessed an easement of access from their property to the instant highway which was condemned and extinguished by this proceeding.

■■ However, plaintiff takes the further position that even if it be assumed that plaintiff has condemned the defendants' right of access, the defendants were not entitled to have the issue of damages for the taking thereof submitted to the jury because there was no evidence to support that submission. We find no merit in that contention. It is true that defendant D. L. Stuart, after fixing the damages at $36,500, stated on cross-examination that he had not included therein any amount for lack of access to the highway.

It is also true that no witness testified to a definite sum as representing the amount defendants had been damaged by reason of their loss of the right of access. However, there was general testimony as to the substantial damages suffered by defendants which was based upon the difference in the reasonable market value of the whole tract as it existed immediately before and immediately after the appropriation. The fact that no witness testified as to a specific amount of damage by reason of the loss of access does not mean that that item of damage was not considered by the witnesses and included in their opinions in arriving at the difference between the value of the tract before and after the taking. Indeed, we should assume (in the absence of evidence to the contrary) that those opinions were based upon all of the elements that could properly be considered by the witnesses in arriving at their opinions. It may be further noted that D. L. Stuart and John Powell stated definitely that they had taken into account the damage to certain lots resulting from the fact that they had been rendered inaccessible. That would seem to be substantially the same as saying that they were considering the element of loss of access from the lots to the highway. The foregoing will indicate our conclusion that there was sufficient substantial evidence from which the jury could reasonably have found that defendants were damaged in some amount by the loss of their right of access. It therefore becomes apparent that the trial court did not err in overruling the motion for a directed verdict.

As previously indicated, the defendants, on their appeal, contend that the court erred in revoking its order allowing interest upon the amount of the jury verdict from the date of appropriation. In this connection it should be noted that there is no question but that the judgment herein will bear interest at six percent from the date of rendition as provided by statute. Section 408.040 (all statutory references herein are to RSMo 1949, V.A.M.S.). It should also be made clear at the outset that the trial court was not requested to give an instruction directing the jury to include in its verdict interest from date of appropriation upon any amount of damages found to be due defendants. It is therefore apparent that the question of the right of a property owner to recover interest in such an amount as may be ascertained by the jury and returned in its verdict is not before us. While we may find it desirable to discuss that question in connection with a determination of the real issue presented, we will make no attempt to decide it.

■ The sole question upon this appeal is whether the trial court is required, upon timely application therefor, to include in the judgment in this type of case, interest from the date of appropriation upon the amount by which the verdict exceeds the amount fixed by the commissioners and previously paid, the computation thereof to be made by the trial court and added to the sum found by the jury to be due the landowner. The argument advanced in favor of allowing interest under the instant circumstances is that the damages are fixed as of the date of appropriation, and, if payment of all or a portion of the amount is necessarily deferred until after a jury trial of the exceptions, the landowner is deprived of his land and the use of the money to be paid as damages for its taking, during the period in question, and hence (unless compensated therefor) does not receive the "just compensation" guaranteed by Section 26, Art. I, Constitution of Missouri 1945, V.A.M.S. That additional element of compensation is sometimes referred to as interest and often as damages for delayed payment.

In support of the instant contention defendants rely primarily upon two cases recently decided by the Springfield Court of Appeals, to-wit: Arkansas-Missouri Power Company v. Hamlin, Mo.App., 288 S.W.2d 14, and State ex rel. State Highway Comm.

v. Galloway, Mo.App., 292 S.W.2d 904. In each of those cases the landowner filed a motion after the judgment had been entered seeking, in effect, a modification of the judgment so that it would provide for the payment of interest on the amount of the excess of the verdict over the award of commissioners during the interim between the date of appropriation and the entry of judgment. In the Hamlin case the trial court denied the relief sought, but in the Galloway case the motion was sustained. Upon appeal the court, in each case, held that the trial court could not modify the judgment by adding the interest sought because the request therefor had not been made until after the judgment had become final.

Each of the foregoing cases, however, clearly indicate the view (which we regard as dictum) that the landowner was entitled to interest (in the circumstances under consideration), and if timely request had been made therefor (at least before the judgment became final), it would have been the duty of the trial court to have included the said interest in the judgment entered. While the Hamlin case contains an extensive review of the authorities, we think the underlying basis for the conclusion of the court is that the payment of the questioned interest is required by the constitutional mandate that the owner of the land receive just compensation, and that "if neither the jury *nor* the court can fix the interest, the result would condemn our procedural methods as unconstitutional because their mechanical application excludes such element," and, "As a matter of fact, it would be impossible for the jury to compute the interest, because it is reversible error to inform them of the amount of the award. State ex rel. State Highway Commission v. Artz, Mo.App., 45 S.W. 2d 81, and cases cited. And it has been said that to instruct the jury to allow interest on the excess of value found by them over the award is error because it presupposes or suggests that the amount of damage is to be increased." Arkansas-

Missouri Power Co. v. Hamlin, 288 S.W.2d 14, 18.

While, as indicated, we are not undertaking to decide whether the interest may be included in the verdict of the jury, we observe that the objections to that method pointed out in Hamlin would have no application in the instant case wherein no damages were allowed by the commissioners. Moreover, we note further that those objections would not be insurmountable in any case as it would seem that the jury could be instructed to allow interest on the whole amount of damages it found the landowner had sustained, and to separately state the interest in its verdict, and any excess in the amount of the interest (by reason of the amount of the commissioners' award having been previously paid) could be required by the trial court to be corrected by the filing of a remittitur.

We do not agree with the views expressed in the Hamlin and Galloway cases relating to the power and duty of the trial court to add interest. If it is essential (which we do not decide) to the constitutionality of our statutory condemnation procedures that interest be allowed under the instant circumstances, we have the view that it must either be computed by the jury and included in its verdict, or, if it be desired that the trial court add the interest in the judgment, the authority so to do must be provided by a specific statute. Stated conversely, we have concluded that a trial court does not have the power to add any amount to the sum fixed by the jury in its verdict (except when authorized by statute) but must enter a judgment for the sum stated therein.

We have carefully examined the case law of this state in the field of eminent domain and have been unable to find any case (except the Galloway case) in which the trial court added interest to the amount of damages fixed by the jury in its verdict. A statement appearing in Webster v. Kansas City & So. Ry. Co., 116 Mo. 114, 22 S.W. 474, would seem to indicate that

interest was allowed therein by the court, but we have examined the files in that case and find that the interest was included in the verdict of the jury in accordance with the instructions. We note also that in a converse situation (which we do not regard as analogous) where the jury verdict was substantially less than the amount of the award which had been paid to the landowner, the condemner was held not to be entitled to interest on the excess of the first award over the amount of the final judgment, which had been ordered refunded. St. L., K. & N. W. R. Co. v. Knapp-Stout & Co., 160 Mo. 396, 61 S.W. 300.

In a condemnation case, when exceptions have been filed to the award of the commissioners, it appears that the proceedings thereafter, upon the trial de novo to a jury, are governed by the procedure applicable to ordinary civil cases. Section 523.-050(2), State ex rel. and to Use of Piepmeier v. Camren, 226 Mo.App. 100, 41 S.W.2d 902. In actions for the recovery of money which are tried before a jury, the jury shall "assess the amount of the recovery." Section 510.270. In note cases it has been repeatedly held that when the verdict allowed no interest and contained no indication of an intention on the part of the jury to allow interest, the court, after discharge of the jury, was powerless to fix the amount of interest or amend the judgment by including same. "The verdict upon which a judgment is entered must be that returned by the jury and be the resultant amount of their deliberations and not that ascertained by a court's calculation. * * * The right of a court to amend a verdict after the discharge of the jury is limited to matters of form or clerical errors clearly made manifest by the record, but never to matters of substance required to be passed on by the jury, which, in their nature, are essential to the determination of the case." Meffert v. Lawson, 315 Mo. 1091, 287 S.W. 610, 612. See also, Powell v. Bierman, Mo.App., 22 S.W.2d 854, and Jaeger v. Agnew, Mo.

App., 252 S.W.2d 847. In Laughlin v. Boatmen's Nat. Bank of St. Louis, 354 Mo. 467, 189 S.W.2d 974, 978, we ruled a similar question as follows: "After the jury returned a verdict in favor of the administratrix for $22,350 and had been discharged the court permitted her to amend her petition by interlineation and ask for interest from the date of the demand—the filing of the original petition on February 10, 1934. The court then computed the interest on the sum found by the jury and added $12,627.75 interest to the judgment. Even though interest may be recovered on the claim, it was, of course, improper for the court to compute the amount due and add that sum to the judgment after the jury had been discharged."

In connection with our consideration of the Hamlin and Galloway cases it should be noted that the Galloway case was transferred to this court by the Springfield Court of Appeals because that court was of the view that it involved a question of "general interest or importance." Article 5, Section 10, Constitution of Missouri 1945, V.A.M.S. However, our opinion in that case, while containing a statement of general approval of the Hamlin opinion, actually limited the decision to the approval of the procedural point which barred the recovery of interest, as indicated by the following: "It could be observed that it is neither possible nor feasible to attempt, in the limited factual circumstances of this case, the unrewarding task of laying down a rule of procedure delimiting the circumstances and manner in which a landowner may establish his right to and be awarded interest when there have been delayed payments of just compensation. It is sufficient to say that the procedure followed in this and the Arkansas-Missouri Power Company [Hamlin] case is not the appropriate way to recover it." State ex rel. State Highway Comm. v. Galloway, Mo. Sup., 300 S.W.2d 480, 482.

We recognize that there is much to be said in favor of the proposition that it is fair and just that a landowner be allowed

interest on the excess of the verdict over the commissioners' award during that interim period. If called to its attention it may be that the legislature will conclude that the best method by which such may be accomplished is to provide statutory authority for the addition of the proper amount by the trial judge. However, until that authority is provided, we have the view, as indicated, that the courts do not have the power to add interest to the amount of the verdict. It necessarily follows, therefore, that the trial court in the instant case did not err in revoking its order allowing interest on the amount of the verdict during the period indicated.

Since we have disposed of each appeal in a manner adverse to the particular appellants, it follows that the judgment herein should be affirmed. It is so ordered.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.