STATE of Missouri, ex rel., MISSOURI HIGHWAY & TRANSPORTATION COMMISSION, formerly State Highway Commission of Missouri, Plaintiff-Appellant,

v.

Paul L. CHADWELL, et al., on exceptions of Wallace E. Ross and Elizabeth Ross, Defendants-Respondents.

No. 14847.

Missouri Court of Appeals, Southern District, Division One.

June 30, 1987.

Motion for Rehearing or Transfer to Supreme Court Denied July 21, 1987.

Application to Transfer Denied Sept. 15, 1987.

Rich Tiemeyer, Chief Counsel, Highway & Transp. Com'n, Jefferson City, Judy L. Curran, Asst. Counsel, Springfield, for plaintiff-appellant.

Paul G. White, Neale, Newman, Bradshaw & Freeman, Springfield, Philip S. Huffman, Hartville, for defendants-respondents.

HOLSTEIN, Judge.

This is an appeal from a judgment in favor of Wallace E. Ross and Elizabeth Ross ("Defendants"), for damages resulting from condemnation of 9.9 acres of land in Wright County. The Missouri Highway & Transportation Commission ("MHC") raises three points on appeal: (1) the trial court erred in failing to dismiss the case for failure to prosecute; (2) the trial court erred in failing to direct a verdict, grant a new trial, or give a withdrawal instruction after the court improperly admitted proof of damages resulting from surface water drainage from the newly constructed highway onto defendants' land in violation of the modified "common enemy doctrine"; and (3) the court erred in admitting rebuttal evidence by defendants as to the character of certain of defendants' witnesses. Judgment was entered following a jury verdict which assessed damages at $47,-500.00.

A motion to dismiss the appeal was filed by defendants. The motion to dismiss is based on the principle that the voluntary payment of the judgment by the MHC makes the appeal moot.

This case traces its beginnings to April 3, 1975, when the MHC filed a petition to condemn land owned by the defendants. Defendants' farm was approximately five miles from Mountain Grove, Missouri. The purpose of the condemnation was to expand U.S. Highway 60 from a two-lane, undivided highway to a four-lane, divided highway with limited access, requiring service roads running along the north and south portions of the highway. The 9.9 acres was taken off the north portion of defendants' property, leaving defendants with a contiguous tract of 300.1 acres. Following the filing of the petition in condemnation in the Wright County Circuit Court, commissioners were appointed who assessed defendants' damages at $12,-300.00. This amount was paid into the court by the MHC on June 5, 1975. Both the MHC and the defendants filed exceptions to the commissioners' report. The MHC went into possession of the property and constructed the new highway. Following a change of venue, the case was finally tried in June of 1986.

As intriguing as the issues raised on appeal might be, the motion to dismiss is dispositive of the case, and we need not consider the other issues.

Attached to the motion to dismiss are documents not included in the transcript or in the legal file. An appellate court may receive and consider matters outside the record in order to determine whether an appeal is moot. *Kinser v. El-kadi*, 654 S.W.2d 901, 902 (Mo. banc 1983). The attached documents include a certified copy of a statement of monies received and

disbursed by the circuit clerk. That document shows that on June 5, 1975, $12,300.00 was paid into the office of the circuit clerk for the defendants, and that on June 12, 1975, $12,300.00 was paid out by the clerk to the defendants. A copy of the docket sheet is attached showing that on August 20, 1986, after the judgment herein, a check in the amount of $59,592.22 was deposited in the circuit clerk's office "in payment of the judgment entry". The sum of $59,592.22 is the difference in the amount of the principal and interest due defendants under the jury verdict, less the $12,300.00 previously paid to the defendants. The payment was apparently a voluntary payment by the MHC and not the result of any execution or other judicial coercion.

■ As a general rule, when a party voluntarily pays a judgment rendered against him, he may not appeal from that judgment. *Kinser v. Elkadi*, supra, 903; *Edith Investment Co., Inc. v. Fair Drug, Inc.*, 617 S.W.2d 567, 569 (Mo.App.1981); *Leonard v. Pioneer Finance Co.*, 568 S.W.2d 937, 943–944 (Mo.App.1978).

The above principle has a sound basis in reason. When the judgment has been paid, the issue is settled and the question is moot. A cause of action is considered moot when the question presented for decision seeks a judgment upon some matter which, if judgment was rendered, would not have any practical effect upon any then existing controversy. When an event occurs which renders a decision unnecessary, the appeal will be dismissed. *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984).

The above principles would unquestionably apply to this case were it not for Mo. Const. art. I, § 26, which provides in part as follows:

That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; and until the same shall

be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested.

Rule 86.06,[1] derived from § 523.040, RSMo 1986, provides for the appointment of three commissioners to assess the damages of the condemnee and further provides:

Upon making payment to the clerk of the amount assessed, for the party or parties in whose favor such damages have been assessed, it shall be lawful for the condemner [sic] to take possession and hold the interest in the property so appropriated for the uses as aforesaid.

This rule, and the statute from which it is derived, make no provision for a deposit by the condemnor of more than required by the commissioners' assessment of damages.

§ 523.045, RSMo 1986, provides in part:

If, within thirty days after the filing of any such commissioners' report, the condemnor shall have paid the amount of any commissioners' award to the persons named in the petition as owning or claiming any property or rights or to the clerk of the court for them and the amount of such award shall be superseded by a subsequent verdict or amount larger than the award paid, then interest on the amount by which such verdict exceeds the award, at the rate of six percent per annum from the date of the filing of the report, shall be added to the amount of the verdict; but if the amount of the award shall be superseded by a subsequent verdict or amount smaller than the award paid, then judgment shall be entered against said persons named to repay to condemnor the amount by which the award paid exceeds the amount of the verdict, with six percent interest on such excess payment from the date of the payment of the award.

The only "award" referred to in the above statute is the commissioners' award. While this section makes provision for collection by the condemnor of amounts paid

---

1.  All references to rules are to Missouri Rules of Court, V.A.M.R.

in excess of the ultimate verdict, there is no mechanism for collection by the condemnor of payments made by it in excess of the commissioners' award.

■ In construing the above-quoted constitutional provision, statutes and rule, the courts have recognized that they create an exception to the general rule applicable in condemnation proceedings, whereby payment into court of the amount of damages fixed by the commissioners, or the acceptance of the same by the property owner, does not terminate the litigation, and either the condemnor or the landowner may proceed to trial and attempt to obtain a verdict for a different amount. *City of St. Louis v. Gerhart Realty Co.*, 328 Mo. 103, 40 S.W.2d 661, 663 (1931); Annotation, *Condemnation Award—Appeal After Payment*, 40 A.L.R.3d 203, 206.

There is obvious wisdom in permitting public improvements to be made during the pendency of litigation. From the perspective of the public, the absence of such an exception to the general rule would result in delay of needed public improvements, often for years. *State ex rel. City of St. Louis v. Sartorius*, 340 Mo. 832, 102 S.W.2d 890, 893 (banc. 1937). In the case now before the court, the injury from such delay is obvious. From the condemnee's perspective, it would be patently unfair for a landowner, who is deprived of his property, to not be allowed to withdraw the funds deposited on his behalf simply because he has chosen to exercise his constitutional right to obtain a final adjudication upon the issue of just compensation. *Jackson County v. Hesterberg*, 519 S.W.2d 537, 543 (Mo.App.1975).

In order to retain possession of condemned property, the condemnor is not required to pay a greater assessment than the first commissioners' report, even if a subsequent commissioners' report or jury verdict assesses greater damages. See *Sartorius, supra*. Likewise, a subsequent assessment of a lesser amount by a jury than awarded by the commissioners does not affect the landowner's right to withdraw the full amount which had previously been deposited into the court pursuant to the commissioners' report. *St. Louis, K. & N.W.R. Co. v. Clark*, 119 Mo. 357, 24 S.W. 157, 161 (banc. 1893).

■ While the MHC cites several cases [2] in its suggestions in opposition to the motion to dismiss, none involve a situation in which the condemnor appealed after having voluntarily deposited the amount of a judgment with the court which exceeded the commissioners' award.

We find no Missouri cases precisely on point. However, in factually similar cases of recent vintage, it has been held that where a statute makes provision for the deposit of an award or estimate into court, after which title vests in the condemnor, voluntary payment or deposit of the amount of a subsequent judgment results in a waiver of the right to appeal by the condemnor. *State ex rel. Iowa State Highway Commission v. Read*, 228 N.W.2d 199, 202 (Iowa 1975); *Metropolitan Development and Housing Agency v. Hill*, 518 S.W.2d 754, 767–768 (Tenn.App.1974). See also Annotation, *Condemnation Award— Appeal After Payment*, 40 A.L.R.3d 203, Supp.1986, p. 15–16.

The MHC asks us to extend the above-noted exception to the general rule and to apply it to this case. In doing so, we would be required to extend the exception beyond the bounds of the reasons for which it was created. As noted above, there was no constitutional or statutory requirement that the MHC pay the amount of the jury verdict into court or to the defendants to obtain the right to possession or title to the

---

**2.** The MHC cites *City of St. Louis v. Gerhart*, 328 Mo. 103, 40 S.W.2d 661 (1931); *Jackson County v. Hesterberg*, 519 S.W.2d 537 (Mo.App.1975); and *Mayor, Councilmen, etc. of City of Liberty v. Boggess*, 332 S.W.2d 305 (Mo.App.1960). In *Gerhart*, the condemnor had paid the amount of the judgment into court, which was also precisely the same amount as the commissioners' award. *Boggess* and *Hesterberg* were both appeals by the landowner. *Boggess* held that after deposit by the condemnor of the amount of the verdict, which exceeded the commissioners' report, the condemnor was entitled to possession of the property. *Hesterberg* held that a landowner may withdraw whatever sum is deposited for him without waiver of his right to appeal, his right to "just compensation" being of constitutional dimension.

property. That right had long since been acquired by payment of the commissioners' award of damages. No improvements were being delayed. From the defendants' perspective, they are fully satisifed on the issue of just compensation, having withdrawn the deposit and having failed to appeal.

We conclude that when a condemnor makes a deposit of the amount of the commissioners' award into court and takes possession of the property, a subsequent voluntary payment of a greater amount assessed after a jury trial is a waiver of the condemnor's right to appeal. There being no sound reason why such voluntary payment of the judgment by the condemnor should not terminate this case, the appeal is dismissed.

CROW, C.J., and GREENE, P.J., concur.