**ST. CHARLES COUNTY, State of Missouri, Appellant,**

v.

**Paul R. WEGMAN and Paulette Nesbit as trustees, Respondent.**

No. ED 80319.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 1, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 2002.

Application for Transfer Denied Dec. 24, 2002.

Harold A. Ellis, St. Charles, MO, for Appellant.

Jerome Wallach, Stanley J. Wallach, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

St. Charles County (hereinafter, "the County") appeals from a jury verdict awarding Paul R. Wegman and Paulette Nesbit, as Trustees under the Wegman Irrevocable Trust (hereinafter and collectively, "the Wegmans") $1,105,730.00 as damages from the taking of approximately two acres of their property. The County claims the trial court erred in entering judgment in that amount in that it was not supported by the evidence and was so grossly excessive that it shocked the conscience of the court. We dismiss and sanction the County in the amount of $2500.00 for filing a frivolous appeal.

The Wegmans owned a residentially zoned parcel of property in St. Charles County near the Page Avenue Extension project. The parcel was acquired by condemnation on February 5, 1999. A jury trial followed to determine the amount of damage the Wegmans suffered as a result of the condemnation. Both parties presented expert testimony as to the value of the property before and after the taking. The County's expert opined that the Wegmans's damages were approximately $139,000.00. The Wegmans's expert stated the damages were about $1,502,000.00.

The jury awarded the Wegmans $1,105,730.00 in damages. The trial court entered the judgment on June 19, 2001, pursuant to the jury verdict, and the County satisfied the judgment in full by way of wire transfer on June 20, 2001. The County appeals.

The Wegmans filed a motion to dismiss the County's appeal and sought an award of damages for filing a frivolous appeal that was taken with the case. The Wegmans claim we do not have jurisdiction to hear the County's appeal because the County has satisfied the judgment, thus rendering this appeal moot. The County claims that it involuntarily satisfied the judgment and therefore, the appeal is not moot.

Condemnation cases are *sui generis.* *Washington University Medical Center Redevelopment Corp. v. Komen,* 637 S.W.2d 51, 53 (Mo.App. E.D.1982). *See also, State ex rel. Missouri Highway & Transp. Com'n v. Roth,* 735 S.W.2d 19, 22 (Mo.App. E.D.1987); *Jackson County v. Hesterberg,* 519 S.W.2d 537, 540 (Mo.App. K.C.Dist.1975); *Arkansas–Missouri Power Co. v. Hamlin,* 288 S.W.2d 14, 18 (Mo. App.Spring.Dist.1956); and *State ex rel. State Highway Commission v. Galloway,* 292 S.W.2d 904, 912 (Mo.App.Spring.Dist. 1956). "An attempt to analogize condemnation proceedings and other civil actions is very difficult and seldom successful." *Komen,* 637 S.W.2d at 53.

We find *State ex rel. Missouri Highway & Transp. Com'n v. Chadwell,* 735 S.W.2d 96 (Mo.App. S.D.1987) directly on point and dispositive of this issue. In *Chadwell,* the Missouri Highway and Transportation Commission (hereinafter, "MHC") filed a petition to condemn land for expansion of a highway. After a commissioner's award, both parties filed exceptions to the commissioner's report. A jury rendered a verdict in favor of the property owners, which MHC voluntarily satisfied prior to appeal. The property owners filed a motion to dismiss the appeal based on the principle that the voluntary payment of the judgment by MHC rendered the appeal moot.

The Southern District recognized the general rule that when a party voluntarily pays a judgment rendered against it, it may not appeal from that judgment. *Chadwell,* 735 S.W.2d at 98. The court explained that when a judgment has been paid, the issue is settled, and the question is moot. *Id.* "A cause of action is considered moot when the question presented for decision seeks a judgment upon some matter which, if judgment was rendered, would not have any practical effect upon any then existing controversy." *Id.* When there is no existing controversy, an appellate court lacks jurisdiction and should dismiss the appeal. *Promotional Consultants, Inc. v. Logsdon,* 25 S.W.3d 501, 506 (Mo.App. E.D.2000).

After an analysis of condemnation proceedings, the rules, and statutes that govern them, the court concluded that "when a condemnor makes a deposit of the amount of the commissioner's award into court and takes possession of the property, a subsequent voluntary payment of a greater amount assessed after a jury verdict is a waiver of the condemnor's right to appeal." *Id.* at 100. The court then dismissed MHC's appeal. *Id.*

The County relies on *Two Pershing Square, L.P., v. Boley,* 981 S.W.2d 635 (Mo.App. W.D.1998) for the proposition that a payment made to cut off the accrual of interest on a judgment is considered an involuntary satisfaction of a judgment and an appeal from that judgment is proper. While *Two Pershing Square* stands for that proposition, it is distinguishable in that it involved a taxpayer protest dispute, not a condemnation proceeding. Recog-

nizing that condemnation proceedings are *sui generis*, we shall follow the rule set forth in *Chadwell*, a condemnation proceeding, and find that voluntary satisfaction of a condemnation judgment renders the controversy moot. Thus, the County waived its right to appeal, and we lack jurisdiction to hear its appeal.

■ The Wegmans request an award of damages for the County filing a frivolous appeal. Rule 84.19 authorizes this Court to award damages it deems just and proper to the respondent in an appeal when it determines that an appeal is frivolous. An appeal is frivolous if it presents no justiciable question and is so devoid of merit that there is little prospect the appeal can succeed. *Property Exchange & Sales, Inc. v. King*, 863 S.W.2d 12, 15 (Mo.App. E.D.1993). Awarding damages for a frivolous appeal is a drastic remedy, which should be exercised only with caution. *Id.*

■ The County's sole point on appeal claims there was error in not granting remittitur in this case because the verdict was excessive. The County alleges there was no trial error, no misconduct by the Wegmans, and it did not object to any of the expert testimony presented by the Wegmans. Moreover, the County provides us with no precedent to disturb the jury's verdict on appeal, but rather cites cases that expressly hold that we should not disturb the jury's verdict. *See State ex rel State Highway Comm'n v. Hamel*, 404 S.W.2d 736 (Mo. 1966) and *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852 (Mo. banc 1993). Finally, the point alleged by the County concerns a well-settled area of law, and it fails to point to any persuasive support in existing law or make a good faith argument for the extension, modification, or reversal of existing law, or establishment of new law. *See Gilleylen v. Surety Foods, Inc.*, 963 S.W.2d 15, 18 (Mo. App. E.D.1998). As a result, we find sanctions appropriate under these circumstances.

Based on the foregoing, we dismiss this appeal for lack of jurisdiction in that the controversy is moot. Pursuant to Rule 84.19, we also order the County to pay the sum of $2,500.00 to the Wegmans's attorneys to be applied to the fees incurred in defense of this appeal.

ROBERT G. DOWD, JR., P.J. and MARY K. HOFF, J., concur.