**BRAVEHEART REAL ESTATE CO., Respondent,**

v.

**Gerald E. PETERS, Darlene E. Peters and Darlene E. Peters, Inc., Appellants.**

**No. ED 83244.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 7, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 9, 2005.

Application for Transfer Denied
April 5, 2005.

affirmed in *State v. Shy,* 52 S.W.3d 585 (Mo. App. E.D.2001).

Thomas H. Lake, St. Louis, MO, for appellants.

Charles F. Dufour, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Gerald E. Peters, Darlene E. Peters, and Darlene E. Peters, Inc. (collectively "the Peters") appeal from the trial court's judgment granting summary judgment in favor of Braveheart Real Estate Company ("Braveheart"), ordering the sale of real property located in St. Louis County. We dismiss the appeal as moot.

The Peters and Braveheart entered into a sales contract for tracts of adjoining property in St. Louis County in June 2001. The Peters breached the sales agreement by refusing to convey the property to Braveheart at the closing scheduled for October 2001. Braveheart filed suit against the Peters alleging several causes of action, including specific performance, breach of contract, tortious interference, declaratory judgment, cancellation of instruments, and breach of constructive

trust. The Peters filed motions and appeared *pro se* at each hearing scheduled regarding the litigation. On April 1, 2002, the trial court granted summary judgment in favor of Braveheart and ordered the Peters to convey the property.

When the Peters failed to convey the property as the trial court ordered, Braveheart filed a motion for contempt on April 11, 2002. At the contempt hearing on April 23, 2002, the Peters appeared *pro se* and asked for a continuance to obtain counsel, which the trial court denied. After the trial court engaged in a lengthy discussion with the Peters about the consequences of a finding of contempt, they agreed to convey the property. Later that day, the Peters conveyed the property to Braveheart in exchange for $565,000.00. The Peters now appeal.

The Peters raise three points on appeal. First, the Peters claim the trial court erred when it denied their motions for continuance for time to obtain legal representation because it violated their due process rights. Second, the Peters argue the trial court's grant of summary judgment was not appropriate because it is a harsh and drastic remedy. Third, the Peters argue the trial court erred in granting summary judgment because there were genuine issues of material fact that were apparent in the record.[1]

■■■ "A threshold question in any appellate review of a controversy is the mootness of the controversy." *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001) (quoting *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App. W.D.1999)). "Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness *sua sponte*."

*Reed*, 41 S.W.3d at 473. In deciding whether a case is moot, an appellate court is allowed to consider matters outside the record. *Id.* Therefore, we initially address whether this case is moot given the fact the judgment has been satisfied and the property conveyed before addressing the merits of the Peters' points on appeal.

■■■ The Southern District recognized the general rule that when a party voluntarily pays a judgment rendered against it, it may not appeal from that judgment. *State ex rel Missouri Highway & Transp. Com'n. v. Chadwell*, 735 S.W.2d 96, 98 (Mo.App. S.D.1987). *See also St. Charles County v. Wegman*, 90 S.W.3d 142, 144 (Mo.App. E.D.2002). The *Chadwell* court explained that when a judgment has been paid, the issue is settled, and the question is moot. *Chadwell*, 735 S.W.2d at 98. "A cause of action is considered moot when the question presented for decision seeks a judgment upon some matter which, if judgment was rendered, would not have any practical effect upon any then existing controversy." *Id.* When there is no existing controversy, an appellate court lacks jurisdiction and should dismiss the appeal. *Promotional Consultants, Inc. v. Logsdon*, 25 S.W.3d 501, 506 (Mo.App. E.D.2000).

■■■ "It has been held that when the object of a proceeding is to secure possession of a particular tract of land, a voluntary surrender of possession may bar the right to appeal, where the property is surrendered before process to enforce the judgment has been issued." *Steen v. Colombo*, 799 S.W.2d 169, 175 (Mo.App. S.D. 1990). The question of whether the defendant's surrender of the property in question was voluntary so as to bar an appeal is a question of fact for the trial court. *Id.* If the defendant's surrender of the property

---

**1.** Braveheart filed a motion for sanctions against the Peters for filing a frivolous and vexatious appeal, and a motion to strike portions of the Peters' reply brief for failing to comply with Rule 84.04, which were taken with the case. These motions are denied.

is voluntary, he or she "effectively concedes the correctness of the judgment, thereby rendering the appeal moot." *Id.*

The Peters argues they did not voluntarily satisfy the judgment in this case because they conveyed the property only after the trial court "threatened [them] with imprisonment" during the contempt hearing. We disagree. The trial court entered judgment ordering the Peters to convey the property at issue after granting summary judgment in Braveheart's favor. When they failed to comply, Braveheart sought a motion for contempt. The trial court held a hearing and spent an extended period of time explaining to the Peters, acting *pro se*, what the consequences were if he chose to continue to disregard the trial court's judgment. After weighing the options, the Peters chose to convey the property.

Here, the Peters avoided a finding of contempt by complying with the trial court's order to convey the property to Braveheart. In similar cases, we have held when a person who is found to be in contempt purges himself or herself of the contempt by complying with the trial court's order, the case becomes moot and unappealable. *Forbes v. Forbes*, 133 S.W.3d 508, 512 (Mo.App. E.D.2004); *Lieurance v. Lieurance*, 111 S.W.3d 445, 446 (Mo.App. E.D.2003); *Union Hill Homes Ass'n, Inc. v. RET Development Corp.*, 83 S.W.3d 87, 92 (Mo.App. W.D. 2002).

Additionally, "[i]t is elementary that in case a party to an action accepts the benefits of a judgment in his [or her] favor or acquiesces in a judgment against him [or her] he [or she] thereby waives [the] right to have said judgment reviewed on appeal." *Perkel v. Stringfellow*, 19 S.W.3d 141, 149 (Mo.App. S.D.2000). Here, it is clear the Peters complied with the trial court's judgment and attempted to benefit from his delayed compliance by receiving payment in the amount of $565,000. There is also no question the contract between the parties was valid and proper consideration was made.

Based on the foregoing, we dismiss this appeal for lack of jurisdiction because the controversy is moot.

GARY M. GAERTNER, SR., P.J., and SHERRI B. SULLIVAN, J., Concur.