In re EDITH INVESTMENT COMPANY,
INC., a corporation,
Plaintiff-Respondent,

v.

FAIR DRUG, INC., a corporation, d/b/a
Crown Drug Company,
Defendant-Appellant.

No. WD 31617.

Missouri Court of Appeals,
Western District.

May 4, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 2, 1981.

Application to Transfer Denied
July 14, 1981.

John H. Lake, Goller, Hedrick & Lake, Jefferson City, for defendant-appellant.

David Brydon, Johnny K. Richardson, Hawkins, Brydon & Swearengen, Jefferson City, for plaintiff-respondent.

Before TURNAGE, P. J., and MANFORD and KENNEDY, JJ.

TURNAGE, Presiding Judge.

Edith Investment Company brought suit against Fair Drug, Inc., for back rent and termination of a lease under which Fair Drug occupied premises owned by Edith. Fair Drug filed a counterclaim in which it sought damages for loss of business and damage to its merchandise because of leaks in the roof and sought a declaratory judgment that it had the right to assign the lease. The court entered judgment in favor of Edith on both its petition and the counterclaim.

On this appeal Fair Drug contends the court erred in: (1) terminating the lease for failure to pay rent and it is entitled to equitable relief from a forfeiture of the lease; (2) finding it had abandoned the premises; (3) denying the damages for loss of profits; and (4) failing to declare that it had the right to assign the lease. Affirmed as to Edith's petition and reversed and remanded on the claim for damages.

Edith entered into a lease in 1959 with Crown Drug Company for space in a shopping center owned by Edith. The lease, among other provisions, required Edith to keep all exterior parts of the leased premises, including the roof, in good repair, and required Fair Drug to maintain the interior of the premises in as good condition as when leased except for ordinary wear and tear. Edith was also required to make any repairs to the interior which resulted from its failure to keep the exterior in good repair. Fair Drug had the right under the lease to make any repairs which Edith was required to make but failed to perform and to deduct the cost of such repairs from any rent due. The lease also provided that if any rent remained unpaid for a period of ten days after it was due and if such rent were not paid within thirty days after written notice to pay the same, Edith could terminate the lease.

Fair Drug entered into possession of the premises as an assignee of parties to whom Crown Drug has assigned the lease. Fair Drug entered into possession in July, 1975, and in October of that year water began leaking into the premises from the roof. The leaks increased in volume in November and December, 1975, with the concentration of such leaks being in the lunch counter and liquor department areas. Edith undertook to repair the roof, but the leaks again occurred in November and December of 1976.

The roof leaks damaged the ceiling tiles and some were replaced by Edith, but others were stained and Edith refused to replace those that were stained or to paint them. Fair Drug obtained an estimate of $1,500 to paint and replace the ceiling tiles in dispute, and when Edith had failed to take any action concerning these in January, 1979, Fair Drug withheld $1,500 from rent that was due in that month.

Fair Drug concedes that Edith complied with the terms of the lease by giving notice of the default in the payment of rent and that such rent was not paid. When this suit was filed by Edith in March, 1979, Fair Drug did pay the sum of $1,500 into the registry of the court. Fair Drug further concedes it did not make any repairs on its own as authorized by the lease. There is no dispute but that the $1,500 withheld by Fair Drug was to cover the cost of repairing and replacing the damaged ceiling tiles. The lease carried a minimum monthly payment of $904 per month plus a percentage of the dollar volume of the business.

There was no dispute that the roof did leak in November and December of 1975 and 1976, and that the ceiling tiles were damaged as a result of such leaks. Nor is there any dispute that Edith attempted to make repairs to the roof and finally in October, 1977, replaced the roof. The dispute centers around whether or not the lease should be terminated for failure to pay the $1,500 in rent.

The trial court found that Fair Drug had withheld the $1,500 in rent and that it had the right to make any repairs and deduct the cost from rent due. The court found Fair Drug had failed to make any repairs and, therefore, had no right to withhold rent because of the failure of Edith to make such repairs. The court further found the lease provided for notice to be given of termination of the lease for failure to pay rent, found that such notice had been given, and found that after such notice Fair Drug had failed to pay the rent due but had some months thereafter paid the amount withheld into court. The court further found that Fair Drug had vacated the premises in February, 1979, and such space had been vacant since that time. The court found the lease should be terminated for failure to pay rent and for abandonment. The court held that because of the termination of the lease the issue of damages to Fair Drug's merchandise and for loss of business was moot.

■ Edith initially raises the point that this appeal is moot because the $1,500 in back rent paid into the registry of the court was ordered paid to Edith and such sum has been paid to it. In order to make the appeal moot it would be necessary for the payment made by Fair Drug to have been voluntary and it is clear that the money was not paid into court in satisfaction of the judgment but was paid in as a tender of the rent due. That amount was ordered paid to Edith because Fair Drug took an appeal without executing a supersedeas bond. In that situation, the payment was not voluntary and does not make the appeal moot. *Berry v. Equitable Fire and Marine Ins. Co.,* 317 Mo. 1119, 298 S.W. 63 (1927).

■ Fair Drug contends the court erred in terminating the lease because it rightfully withheld rent and in any event was entitled to equitable relief on a forfeiture of the lease. It is clear Fair Drug did not have a right to withhold payment of the rent on the failure of Edith to make repairs to the ceiling tile. The lease gave a specific remedy to Fair Drug in this situation and that was to make the repairs and withhold the cost of such repairs from future rent if Edith failed to make such repairs after notification. The failure of Edith to perform its covenant to make repairs is not a valid ground upon which Fair Drug could refuse to pay rent. *Banister Real Estate Co. v. Edwards,* 282 S.W. 138, 140[1, 2] (Mo.App. 1926); 3A Thompson on Real Property, § 1302, p. 479 (1981 Rep.). As indicated in *Banister,* Fair Drug had a cause of action against Edith for the failure to make the necessary repairs but it had an even more effective remedy by making the repairs and withholding that amount from the rent. Despite these two remedies, Fair Drug elected to simply withhold rent with no other action.

■ In *Wilson v. Watt,* 327 S.W.2d 841, 852[14] (Mo.1959) it was stated that provisions authorizing the termination of a lease for failure to pay rent had been upheld and a number of cases were cited to support that statement. Fair Drug does not really deny that Edith had a right to terminate the lease on the failure to pay the rent due but invokes the well known rule that equity abhors a forfeiture and will grant relief against the termination of a lease. The principle invoked by Fair Drug is, of course, valid, but, as pointed out in *Wilson,* the right to relief against a forfeiture of a lease depends upon the facts of the case and a showing that in this case Fair Drug would be entitled to equitable relief from the forfeiture.

■ Fair Drug has not shown any facts which would entitle it to equitable relief from the forfeiture. No facts were stated to show any investment in the premises which would be a loss to Fair Drug on

termination of the lease, and, in fact, the court found Fair Drug had vacated the premises about a month prior to the filing of this suit by Edith. Absent any facts showing a termination to be inequitable as against Fair Drug, the judgment terminating the lease for non-payment of rent was correct.

Fair Drug complains of the court terminating the lease because it had abandoned the premises, and contends this is not a proper basis upon which to terminate the lease. While the court did make a finding of abandonment, the principal ground for termination was for non-payment of rent. The finding of abandonment is treated as merely an additional reason for termination, but termination is sustained on the ground of non-payment of rent.

■ Fair Drug further contends the court should have declared that it had the right to assign the lease. "The tenant's right to assign the lease is lost after the accrual of the landlord's right of forfeiture." 51C C.J.S. Landlord and Tenant, § 31, p. 74. Thus, there was no error in failing to find Fair Drug had the right to assign the lease after the court terminated the lease.

Fair Drug contends the court erred in failing to award damages for loss of business resulting from water coming through the roof and ceiling. Although the trial court ruled the issue of damages was moot because the lease was terminated by the court, Edith has not briefed or argued mootness. Edith has briefed only the question of the unsatisfactory nature of the proof of damages. In that circumstance, this court will consider only the quality of the proof and not the question of mootness. It should be noted the damages arose well before the ground of termination and no reason is readily apparent which would render that issue moot. Edith contends the evidence concerning such damages consisted of hearsay and speculation and thus could not form the basis for an award for damages. The only evidence as to damages was the gross dollar volume which Fair Drug stated it received each day from the four lunch counter stools which it said were unusable for the period of time during which water was leaking through the ceiling. Evidence for damages for loss of business in the liquor department consisted of comparing the gross dollar volume done by the department in November and December, 1975 and 1976 with the gross dollar volume in those months in 1974.

In *Coonis v. Rogers,* 429 S.W.2d 709, 714[6, 7] (Mo.1968) the court held it is the net loss which is to be recovered for loss of business and not the gross income loss. The court held the cost and expense of operating the business must be deducted from the gross income to arrive at the net income which is the measure of damages.

■ In this case no attempt was made to show the net income lost by Fair Drug. However, it would appear that the evidence is available by which Fair Drug could establish the amount of its net loss. While the evidence presented was too indefinite to support any judgment for damages, this court does have discretion to remand the case for a new trial on that issue when it appears that Fair Drug has a cause of action for damages and proper proof of its damages is available. *Yaffe v. American Fixture, Inc.,* 345 S.W.2d 195, 201[7, 8] (Mo. 1961).

There is no dispute that the roof leaked and it did appear that Fair Drug does have evidence which it could present and which, if believed by the fact finder, would support a judgment for damages for loss of business. In the exercise of the discretion vested in this court, this cause will be remanded for a new trial only on the issue of Fair Drug's damages incurred by reason of the roof leakage in 1975 and 1976. The judgment in favor of Edith on its petition and in its favor on the count for declaratory judgment in Fair Drug's counterclaim is affirmed. The judgment in favor of Edith on the count for damages in Fair Drug's counterclaim is reversed and remanded for a new trial.

All concur.