**Billie KINSER and Clifford (Jay) Kinser, Respondents,**

v.

**Ahmed ELKADI, Appellant.**

**No. 64716.**

Supreme Court of Missouri, En Banc.

Aug. 16, 1983.

B.H. Clampett, Patrick K. Roberts, Springfield, for appellant.

Thomas Strong, Mathew W. Placzek, John Wooddell, Springfield, for respondents.

ROBERT O. SNYDER, Special Judge.

In this medical malpractice action, Dr. Ahmed Elkadi appealed from a jury trial judgment of the circuit court of Greene County. The Missouri Court of Appeals, Southern District, dismissed the appeal as moot. We granted appellant's motion to transfer and the case will be decided as though on original appeal. Mo. Const. Art. 5 § 10. The cause is ordered re-transferred to the Missouri Court of Appeals, Southern District, for consideration of the appeal on its merits.

This court must decide first whether the appeal should be dismissed as moot because Dr. Elkadi's insurers, Aetna Casualty and Surety Company (Aetna) and St. Paul Fire and Marine Insurance Company (St. Paul) paid to respondents the total amounts due under their respective policies. Resolution of the mootness question in turn depends upon whether Aetna's payment of a portion of the judgment in response to an execution and garnishment was voluntary, and whether we should consider the requirement of the Aetna policy that Dr. Elkadi consent in writing to any settlement, a requirement which was not brought to the attention of the Court of Appeals until after its opinion dismissing the appeal as moot was handed down.

Respondents, Mr. and Mrs. Kinser, sued Dr. Elkadi for damages arising from a bilateral aortic femoral bypass operation which appellant had performed on Mrs.

Kinser. The theory of the Kinser's medical malpractice action was that the surgery was unnecessary and that appellant had failed to obtain an informed consent from Mrs. Kinser before performing the bypass operation. The jury awarded Mrs. Kinser $900,000 for her damages and Mr. Kinser $25,000 for loss of consortium. Judgment was entered accordingly.

Aetna provided Elkadi primary coverage of $100,000; St. Paul provided Elkadi with $1,000,000 excess coverage. Elkadi and St. Paul disputed whether the St. Paul policy required Elkadi to maintain $300,000 or $100,000 in primary coverage. Aetna was also contractually required to defend all lawsuits against Elkadi, and to pay all costs and expenses of the litigation and all interest accruing on any judgment entered "before [Aetna] has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon."

Aetna terminated its role in the litigation on November 13, 1980, after Elkadi had filed his notice of appeal. Although Aetna had agreed on the morning of November 13, 1980 to pay the premium for a supersedeas bond by 1:00 p.m. of that day, it did not do so. Instead, two minutes after the Kinsers had filed a writ of garnishment in aid of execution, Aetna, the garnishee, filed answers to the garnishment interrogatories. Then, just twenty minutes later, Aetna paid the garnishment amount, $130,892.27, into court and abandoned the case. Counsel for the Kinsers informed the court in oral argument that Aetna had reserved the right to a refund if the cause were reversed on appeal.

St. Paul discharged its obligation by paying the Kinsers $675,000 under a two-part contract of settlement. The first part provided for payment of $50,000 to the Kinsers in settlement of the dispute about whether St. Paul's liability coverage commenced at the $100,000 level or the $300,000 level. The second part provided for payment of $625,000 to the Kinsers in full satisfaction of that part of the judgment in excess of $300,000. St. Paul additionally agreed not

to seek a refund if appellant obtained a reversal or a remand of the case.

No satisfaction of judgment was ever entered by the Kinsers but in their contract for separate settlement with St. Paul the Kinsers agreed to enter a partial satisfaction of judgment in the amount of $825,000 after resolution of the appeal.

The Kinsers filed a motion to dismiss Dr. Elkadi's appeal, which was initially denied by the Court of Appeals. The cause was argued and submitted after which the Court of Appeals rescinded its order denying the Kinsers' motion to dismiss the appeal and handed down an opinion in which the appeal was dismissed as moot.

After the appeal was dismissed, Aetna, which had remained inactive in the case after it paid the policy proceeds into court after garnishment, filed a motion for leave to: intervene for an evidentiary hearing on respondents' motion to dismiss; move for a rehearing; move for transfer to the Court of Appeals en banc; move for transfer to the Supreme Court; and file an amicus curiae brief. Dr. Elkadi filed a motion for rehearing or transfer to the Missouri Supreme Court and for an evidentiary hearing on the issues of the voluntariness of Aetna's payment and the necessity of Dr. Elkadi's consent to a settlement. An addendum to the original opinion was then filed denying all post opinion motions and allowing the dismissal of the appeal as moot to remain in effect.

Dr. Elkadi then filed his application to transfer in this court. It was granted on February 23, 1983 and the cause ordered transferred.

■ We have considered thoroughly the somewhat complicated procedural record of the cause in connection with the insurance policy question, the two insurance company settlements, and the post opinion pleadings in the Court of Appeals. An appellate court may receive and consider matters outside the record in order to determine whether an appeal is moot. *Mudgett v. Peterson,* 482 S.W.2d 472, 474 (Mo.1972); *Eicholz v. Davis,* 289 S.W.2d 433, 435[1–3] (Mo.App.

1956). After consideration of the entire record, we conclude that the appeal should not have been dismissed and order the cause re-transferred to the Missouri Court of Appeals, Southern District, for consideration of the appeal on its merits.

Two issues are important in determining whether the appeal should be dismissed as moot, the most important being whether the payment of the amount due under the policy by Aetna was voluntary. The other issue is whether Dr. Elkadi's consent to Aetna's settlement was required. After reviewing the record in the light of these issues, this court concludes that Dr. Elkadi should be permitted to pursue his appeal.

■ The rule is that when a defendant voluntarily pays a judgment rendered against him, he may not appeal from that judgment. See *Edith Inv. Co., Inc. v. Fair Drug, Inc.,* 617 S.W.2d 567, 569[1] (Mo.App. 1981); *Leonard v. Pioneer Finance Co.,* 568 S.W.2d 937, 943–944 (Mo.App.1978). The issue here is whether Aetna's payment of a portion of the judgment was voluntary.

■ When a defendant pays a judgment after execution or writ of garnishment in aid of execution has issued, courts have generally held that the payment was involuntary. See *Ryan v. Engelke,* 285 S.W.2d 6, 10–11 (Mo.App.1955); 4 Am.Jur.2d, Appeal and Error § 260 (1962). The inference is strong that a judgment paid after execution or garnishment has issued was paid as the result of legal coercion. Here, Aetna paid its share of the burden after the writ of garnishment had issued.

The Kinsers, however, urge this court not to infer that Aetna's payment was coerced. Instead, they emphasize the speed with which Aetna responded to the writ of garnishment and argue that the speedy payment proves it was voluntary. Despite the alacrity with which the garnishment, interrogatories, answers to interrogatories, and payment of the amount of the garnishment were accomplished, we find that the payment was in fact involuntary.

The Court of Appeals also placed great emphasis on the speed with which the Aet-na payment was made. However, the promptness with which Aetna responded to the writ of garnishment is understandable because: (1) it saved Aetna what would have been a substantial premium on a supersedeas bond; and (2) it saved Aetna a possible $228.08 per day in interest costs inasmuch as its policy required that it pay interest on the entire $925,000 judgment.

*Leonard v. Pioneer Finance Company* is factually similar to the case under review. In *Leonard,* Pioneer was insured by Foremost Insurance Company which furnished a defense in a suit against Pioneer for outrageous conduct. There was a judgment for actual and punitive damages. Foremost paid the actual damages in spite of Pioneer's desire to appeal and Pioneer proceeded to retain its own law firm who filed notice of appeal. The Court of Appeals, Western District, held that the partial satisfaction was not voluntary on the part of Pioneer and that it would be allowed to proceed with its appeal.

The cases are similar because in each an insurer who furnished the defense during the trial subsequently paid a portion of a judgment without the consent of the insured. The Court of Appeals in *Leonard* held that the payment was involuntary, even though there was no execution or garnishment, and ruled that the appeal was not barred.

In *Edith Inv. Co., Inc. v. Fair Drug, Inc., supra,* also a case from the Western District of the Court of Appeals, it was held that an appeal was not moot even though the defendant Fair Drug, Inc., without the filing of an execution or garnishment, paid into court a judgment for rent which was, in turn, paid over to the plaintiff. The court ruled that the payment was involuntary because Fair Drug did not make the payment in satisfaction of the judgment, but as a tender of the rent due. The amount was paid over to Edith to forestall collection under legal process because Fair Drug took an appeal without executing a supersedeas bond. The court held the appeal was not moot, citing *Berry v. Equitable Fire and Marine Insurance Company,* 317 Mo. 1119,

298 S.W. 63, 65[2] (1927). Similarly, in the case under review, no supersedeas bond was filed, but Aetna would have been liable for a bond premium if the amount of the garnishment had not been paid.

Thus, in both *Leonard, supra,* and *Edith Inv. Co., supra,* payment of a judgment was held involuntary although neither garnishment nor execution had issued. This court's finding that the payment was involuntary is even more appropriate because of the filing of the garnishment.

The Kinsers briefed the issue of the mootness of the appeal, but Elkadi did not. The Kinsers rely on *Walther v. Woodson,* 190 S.W. 61 (Mo.App.1916) for the rule that a satisfaction of a judgment renders any appeal from that judgment moot. There is no quarrel with that general statement, but in *Walther v. Woodson,* the defendant's father paid the amount of the debt with interest and the plaintiff gave a receipt in full for the payment. The plaintiff was attempting to appeal to recover his costs only and the court held that he could not do so. The facts in *Walther* are distinguishable.

The Kinsers also rely on *City of Versailles v. Ross,* 208 S.W. 454, 456[4, 5] (Mo. banc 1918) as support for a finding that the payment by Aetna was a voluntary payment. In *City of Versailles* there was a conviction of Ross for violation of a city ordinance. McClelland, Ross' bondsman, sued out a writ of error to determine the validity of a judgment against him on the appeal bond. McClelland appealed the dismissal of the writ.

McClelland had also proceeded to file suit and obtain a judgment against his principal for the amount he had paid to the City of Versailles on the appeal bond judgment after execution.

Although the majority, with three justices dissenting, held that the payment was voluntary even though there had been an execution and real estate had been levied upon to satisfy the judgment, the court also placed great emphasis on the fact that the surety had sued his principal and obtained a judgment and therefore was estopped from appealing the case against him, the estoppel

being dependent upon his election of remedies. To the extent the ruling here conflicts with *City of Versailles, City of Versailles* should no longer be followed.

Resolution of the Aetna payment involuntariness issue is sufficient to support the decision to re-transfer the appeal for consideration on its merits, but it should be pointed out that Dr. Elkadi throughout has insisted on his right to appeal and in fact did not consent to the Aetna payment.

The cause is re-transferred to the Court of Appeals, Southern District, for consideration of the appeal on its merits.

RENDLEN, C.J., HIGGINS, GUNN, BLACKMAR and DONNELLY, JJ., and KELSO, Senior Judge, concur.

WELLIVER and BILLINGS, JJ., not sitting.