Gregory **SHELTON** and Shelton Wholesale, Inc., Appellants,

v.

William **FARR**, Respondent.

No. WD 56160.

Missouri Court of Appeals, Western District.

April 13, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1999.

Application for Transfer Denied Aug. 24, 1999.

David Whipple, Kansas City, for appellant.

Theodore Allen Bruce, Attorney General Office, Jefferson City, for respondent.

SPINDEN, Presiding Judge.

Gregory Shelton and Shelton Wholesale, Inc.,[1] appeal the circuit court's judgment dismissing their petition for declaratory judgment and for writ of *mandamus* in their lawsuit against William Farr, state fire marshal. Shelton asked the circuit court to declare that Farr's refusal to grant Shelton new fireworks permits was unlawful, and he asked the circuit court to require Farr to issue him fireworks permits.

In this appeal, Shelton contends that the circuit court improperly dismissed his petition for declaratory judgment on the ground that he did not state a claim for which it could grant relief. He also asserts that, because Farr did not move to dismiss the two counts of his petition concerning transfer of ownership and discriminatory enforcement, the circuit court erred in dismissing those two counts. We dismiss the appeal.

The evidence established that, on August 13, 1997, Farr revoked Shelton's fireworks permits for 18 months until February 15, 1999, on the ground that he possessed illegal fireworks.[2] Pursuant to the order of revocation, Farr informed Shelton that no permit would be issued during the suspension [3] period.

On November 4, 1997, Shelton applied for jobber and manufacturer fireworks permits. On November 12, 1997, Farr sent a letter to Shelton telling him that Farr had denied his application. The letter said:

It has been previously determined by the Court of Appeals and the Circuit Court of Cole County that disciplinary action was appropriate for a suspension period of three years. It was the decision of the State Fire Marshal that an eighteen (18) months suspension be applied, with no permit(s) being issued during that suspension period.

Therefore, your application(s) for fireworks permit(s) has been denied.

Shelton responded by filing this lawsuit for writ of *mandamus* and declaratory judgment.

■ Shelton opted for this lawsuit instead of appealing to the Administrative Hearing Commission as required by § 621.045, RSMo 1994, and Regulation 11 CSR 40–3.010(7). To be entitled to judi-

---

1. We refer to the appellants collectively as Shelton.

2. In *Shelton v. Vinyard*, 943 S.W.2d 727 (Mo. App.1997), this court held that Shelton's fireworks permits were subject to discipline because he possessed more than 1000 illegal M–80 fireworks.

3. The fire marshal apparently uses "revocation" and "suspension" interchangeably. That he puts a time limit on his revocations suggests that he misunderstands the nature of revocation. *See State ex rel. Marler v. State Board of Optometry*, 898 S.W.2d 559, 563 (Mo.App.1994).

cial review, Shelton was obligated to exhaust all of his administrative remedies "unless some other provision for judicial review is provided by statute." Section 536.100, RSMo 1994. "Exhaustion of administrative remedies is a jurisdictional requirement for a declaratory judgment action." *State ex rel. Missouri State Board of Registration for the Healing Arts v. Hartenbach,* 768 S.W.2d 657, 659 (Mo.App. 1989). The reason for requiring a party to exhaust his administrative remedies is:

> "[To prevent] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."

*Schierding v. Missouri Dental Board,* 705 S.W.2d 484, 486 (Mo.App.1985)(quoting *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)).

■ By filing an action for declaratory judgment and for writ of *mandamus,* Shelton attempted to bypass the AHC and the procedures mandated by the General Assembly for judicial review. "[T]he declaratory judgment act, while it is to be interpreted liberally, is not a general panacea for all real and imaginary legal ills, nor is it a substitute for already existing remedies." *Schierding,* 705 S.W.2d at 487. A declaratory judgment "should be used with caution and, except in exceptional circumstances plainly appearing, it is not to be used and applied where an adequate remedy already exists." *Id.* The same is true for a writ of *mandamus.* A writ of *mandamus* is an extraordinary remedy and " 'ought to be reserved for those cases in which no alternative measure will be effective.' " *State ex rel. KelCor, Inc. v. Nooney Realty Trust, Inc.,* 966 S.W.2d 399, 402 (Mo.App.1998)(quoting *State ex rel. Kelley v. Mitchell,* 595 S.W.2d 261, 266 (Mo. banc 1980)). Shelton had an adequate remedy, but he let the time for using it expire. He cannot revive his action concerning the denial of his applications for fireworks permits by filing an action for declaratory judgment and writ of *mandamus.*

■ Shelton asserts that, because the issues presented by his petition are solely questions of law and because no adequate remedy exists through the administrative process, he is not required to exhaust his administrative remedies. We disagree. As the Supreme Court instructed in *Bridge Data Company v. Director of Revenue,* 794 S.W.2d 204, 207 (Mo. banc 1990), *abrogated on other grounds, International Business Machines Corporation v. Director of Revenue,* 958 S.W.2d 554 (Mo. banc 1997), the AHC has "full authority to reach a decision on the law as it finds it, subject, of course, to judicial review." Thus, even in matters of interpretations of questions of law, the AHC should be given the first opportunity to make such interpretations before subjecting those interpretations to judicial review. Shelton had an adequate remedy at law. Hence, the circuit court did not err in dismissing Shelton's petition.

■ Moreover, Shelton's appeal has become moot. Pursuant to Farr's order of August 13, 1997, the revocation or suspension of Shelton's permits remained in effect only until February 15, 1999. Because that date has passed, no revocation or suspension now stands in Shelton's way for applying for, and receiving, fireworks permits.[4]

■ "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487 (Mo. banc 1984). The relief sought by Shelton in his petition for writ of *mandamus* and declaratory judgment was (1) "an immediate de-

---

4. We do not determine Shelton's eligibility for the fireworks permits or whether any other factors would prevent Shelton from receiving them.

claratory judgment that the State Fire Marshal may only refuse to issue a permit to a person if such person has been convicted for the possession or sale of illegal fireworks, as referred to in § 320.136"; (2) "an immediate declaratory judgment that [Shelton has] not been convicted for the possession or sale of illegal fireworks as referred to in § 320.136"; (3) "an immediate declaratory judgment that the State Fire Marshal's refusal to grant [Shelton's] request for a fireworks license to be unlawful as contrary to the provisions of § 320.116"; (4) "a declaratory judgment that [Farr's] refusal to permit [Shelton] to transfer ownership or control of his business is unlawful"; (5) "a declaratory judgment that [Shelton] be permitted to transfer ownership or control of [his] business and that [Farr] issue permits accordingly"; (6) "a writ of mandamus ordering the State Fire Marshall to issue permits to sell fireworks to the entity to whom ownership or control of ... Gregory Shelton's business has been transferred to"; and (7) "immediately issue a Writ of Mandamus to State Fire Marshal of the State of Missouri requiring the State Fire Marshall to issue to [Shelton] permits to sell fireworks[.]"[5]

Because Shelton's fireworks permits are no longer under revocation or suspension, our resolution of this dispute would be merely academic. *See Local 781 International Association of Fire Fighters, AFL–CIO v. City of Independence,* 947 S.W.2d 456, 460 (Mo.App.1997). Shelton's appeal became moot when the time for Farr's revocation or suspension of Shelton's permits expired. Hence, we dismiss his appeal.

EDWIN H. SMITH, Judge, and ALBERT A. RIEDERER, Judge, concur.

---

5. Shelton's petition also sought attorneys' fees and damages for his loss of business due to Farr's alleged "unlawful refusal" to issue the fireworks permits. Farr, however, under the doctrine of official immunity, is not liable for injuries arising from his discretionary acts or omissions. *Kanagawa v. State By and Through Freeman,* 685 S.W.2d 831, 835 (Mo. banc 1985).