**STATE of Missouri, Respondent,**

v.

**Paul W. ETHRIDGE, Defendant,**

**and**

**C & M Bonding, Inc., Appellant.**

**No. 23370.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 26, 2000.

Gregg Hyder, Columbia, for Appellant.

No appearance for Respondent.

KERRY L. MONTGOMERY, Judge.

C & M Bonding, Inc. (C & M) appeals from a judgment of $1,000 entered as a result of a bond forfeiture. C & M, as surety, posted a bail bond for Defendant Paul W. Ethridge after he was charged with the felony of passing a bad check. Subsequently, Defendant failed to appear for his scheduled court date, and the State filed a "Motion for Judgement on Bond Forfeiture." After notice to the parties, the trial court heard the State's motion and entered the aforesaid judgment on November 4, 1999.

On November 29, 1999, C & M paid the judgment in full. The record indicates the payment was voluntary and not the result of any execution or other judicial coercion. C & M's notice of appeal was filed on December 9, 1999.

The State has filed a motion to dismiss the appeal alleging that payment of the judgment prevents an appeal. The motion is well taken.

"As a general rule, when a party voluntarily pays a judgment rendered against him, he may not appeal from that judgment." *State ex rel. Highway & Transp. Comm'n v. Chadwell*, 735 S.W.2d 96, 98 (Mo.App.1987).[1] "When the judgment has been paid, the issue is settled and the question is moot." *Id.* An appeal will be dismissed upon the occurrence of an event which renders a decision unnecessary. *Id.*

C & M does not dispute that the judgment was a voluntary payment. Therefore, the issue is settled and C & M raises questions which are moot.

Appeal dismissed.

PARRISH, P.J., and SHRUM, J., concur.

---

1. "When a defendant pays a judgment after execution or writ of garnishment in aid of execution has issued, courts have generally held that the payment was involuntary." *Kinser v. Elkadi*, 654 S.W.2d 901, 903 (Mo. banc 1983).