Giltner B. and Terri N. STEVENS FAM-
ILY TRUST, No. 493509834 and Ken-
neth L. Smith, Respondents,

v.

Richard HUTHSING, The N. Evelyn
Huthsing Trust, and N. Evelyn
Huthsing, Appellants.

No. 24319.

Missouri Court of Appeals,
Southern District,
Division One.

June 19, 2002.

Motion for Rehearing or Transfer Denied
July 12, 2002.

Jason J. Higdon, Spencer, Scott & Dwyer, P.C., Joplin, for Appellants.

Ron Mitchell, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for Respondents.

ROBERT S. BARNEY, Chief Judge.

Appellants, N. Evelyn Huthsing in her individual capacity, (hereafter "Evelyn"), and N. Evelyn Huthsing in her capacity as the Trustee of the N. Evelyn Huthsing Trust (hereafter "Huthsing Trustee") appeal from the trial court's denial of a joint motion to set aside and vacate a judgment for $140,000.00 in favor of Respondents, Giltner B. Stevens and Kenneth L. Smith ("Respondents") and against Appellants.[1]

■ In their two points relied on, Appellants maintain they were never parties to the settlement agreement giving rise to the judgment and further maintain that the Huthsing Trustee was never properly served in the first instance. Accordingly, they argue the trial court lacked the jurisdiction to render judgment against either the Huthsing Trustee or the N. Evelyn Huthsing Trust ("the Huthsing Trust").[2]

We need not consider Appellants' points relied on, however, because we determine, for reasons explained below, that the issues in this appeal are now moot. Appeal dismissed.

I.

The genesis of the litigation arose when Evelyn petitioned the Newton County Commission ("Commission") to vacate certain roads in the Thurman Springs Estate Subdivision. The petition represented to the Commission that the Huthsing Trust was the owner of the subdivision's lots and the land on either side of certain roads sought to be vacated. The Commission entered its order vacating the roads.

In response to the action taken by Evelyn and the Commission's subsequent order, Respondents filed a three count petition against Appellants and Richard. Respondents alleged ownership of the land adjacent to the roads in question and sought damages for abuse of legal process, "conversion" of the land in question, and specific performance of a contract for the sale by Respondents to Appellants and Richard of 34 acres of property in Section 21, Township 27, Range 32, Newton County, Missouri, for the sum of $175,000.00.[3]

The record shows that service of process was made on Richard on October 5, 1998, and he entered his appearance and made separate answer to the petition. The record further shows that a special process server delivered a summons and petition to Evelyn on November 6, 1998.

On December 9, 1998, Evelyn, by and through her attorney, John Sims, separately answered the petition. Nothing exists in the record showing that Evelyn was served in her capacity as the Huthsing Trustee.

The legal file in this appeal also shows a docket entry dated November 3, 2000,

1. Although Evelyn's nephew, Richard Huthsing ("Richard"), is also a named judgment debtor, Richard does not join in this appeal.

2. "A trust is not a legal entity. The trustee is the legal owner of the trust property, in which the beneficiaries have equitable ownership." *Farris v. Boyke,* 936 S.W.2d 197, 200 (Mo. App.1996).

3. Thurman Springs Estates is a subdivision located in Section 21, Township 27, Range 32, Newton County, Missouri. As best we discern from the record the land in question is encompassed within the foregoing description.

which reflects the following pertinent entry: "Attorney Seiden & Mitchell appear Judgment is ordered as per announcement." In this connection, there is a transcript recital of the following colloquy:

Mr. Mitchell: We have entered into an agreement, and I'll prepare a formal judgment entry. But the judgment entry will say that plaintiffs have judgment against defendants for $140,000. . . .

Mr. Seiden: That's our understanding. . . .

The Court: The Court approves the announced settlement.

Pursuant to the November 3, 2000, agreement the trial court entered a judgment on November 17, 2000. In its judgment, the trial court recited, *inter alia,* that Plaintiffs, i.e., Respondents, appeared by attorney Ron Mitchell and that "Defendants appear by Richard Huthsing and their attorney Glenn Seiden." A recital in the judgment showed, in pertinent part, that judgment was entered against "defendants" in the sum of $140,000.00.[4]

On December 10, 2000, Respondents filed an "Execution/Garnishment Application and Order," which was served on Firstar Bank Trust Department on or about January 11, 2001. In response, a motion was filed by Appellants on February 7, 2001, seeking to quash the garnishment and to set aside and vacate the judgment on which it was based.

In their motion, Appellants asserted that while Evelyn was served with process, there was no record indicating that a separate answer was filed on behalf of the Huthsing Trustee or the Huthsing Trust. Appellants further set out that attorney John Sims had withdrawn his representation of Evelyn on July 28, 2000, and that

neither Evelyn nor the Huthsing Trustee had ever consented to any settlement agreement on November 3, 2000, or were even aware of the hearing on that date. Accordingly, Appellants argued in their motion to vacate that the judgment entered against them was void and the execution/garnishment was invalid and should be quashed.

On June 8, 2001, the trial court entered a docket entry reciting that "Motion to quash judgment overruled. Motion to set aside overruled." This appeal followed.

## II.

In connection with this appeal, the parties have filed an "Agreed Statement as the Supplemental Record on Appeal," signed by the attorneys involved in this appeal pursuant to Rule 81.13, Missouri Court Rules (2002). It contains: (1) copies of a "Stipulation" filed for record September 20, 2001; (2) a document entitled "Satisfaction of Judgment" signed by Respondents, inclusive of Giltner B. Stevens, Trustee of the Giltner B. and Terri N. Stevens Family Trust and Kenneth L. Smith; and (3) a duly notarized Missouri Warranty Deed dated October 31, 2001, showing a conveyance by Respondents to the Huthsing Trustee of two tracts in Section 21, Township 27, Range 32, Newton County, Missouri.

As set out in the "Agreed Statement as the Supplemental Record on Appeal," Respondents acknowledged receiving payments in satisfaction of the November 17, 2000, judgment and the record shows that this acknowledgement was filed with the trial court on November 1, 2001; and expressly pronounced that "in accordance with the Stipulation and the directive of

---

4. The caption showed "Richard Huthsing, the N. Evelyn Huthsing Trust and N. Evelyn Huthsing" as defendants.

Richard Huthsing, Respondents conveyed the real estate referred to in Count III of their [original] petition plus additional real estate to Appellant by Warranty Deed as reflected in the copy of the Warranty Deed attached hereto and made a part hereof."

Respondents have now filed a motion to dismiss Appellants' appeal on the basis that the judgment entered November 17, 2000, has been satisfied as per the Stipulation signed by *all* parties to the underlying litigation, including the parties to the instant appeal.

In opposing Respondents' motion to dismiss their appeal, Appellants counter they never agreed as to the validity of the judgment in question and that they "duly appealed the same." They also maintain that the conveyance of the real estate in question was never ordered or approved by the trial court and is irrelevant to the issue at hand. Appellants further appear to argue that they entered into the stipulation agreement involuntarily to forestall the execution of the judgment, and contend that "[p]lainly Appellants have not received the benefit of any judgment."

 We need not give further consideration to Respondent's motion to dismiss. This is because " '[a] threshold question in any appellate review of a controversy is the mootness of the controversy.' " *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001) (quoting *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App.1999)). In terms of justiciability, " 'a cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.' " *Reed*, 41 S.W.3d at 473 (quoting *Shelton v.*

*Farr*, 996 S.W.2d 541, 543 (Mo.App.1999)). Thus a case which may have been vital at the inception of the appeal may be mooted by an intervening event which so alters the position of the parties that any judgment rendered merely becomes a hypothetical opinion. *Id.* In deciding whether a case is moot, an appellate court is allowed to consider matters outside the record. *Id.*

 "[A] party may estop himself from taking an appeal by performing acts after the rendition of the order or judgment which are clearly inconsistent with the right of appeal." *Steen v. Colombo*, 799 S.W.2d 169, 174 (Mo.App.1990). The "estoppel may consist of any voluntary act which expressly or impliedly recognizes the validity of the judgment, order or decree." *Id.* Accordingly, it is also generally recognized that "when a defendant voluntarily pays a judgment rendered against him, he may not appeal from that judgment." *Kinser v. Elkadi*, 654 S.W.2d 901, 903 (Mo. banc 1983). " 'When the judgment has been paid, the issue is settled and the question is moot.' " *State v. Ethridge*, 29 S.W.3d 420, 421 (Mo.App.2000).

There is another line of authority that sets out that when a defendant pays a judgment after execution or writ of garnishment in aid of execution has issued, payment may be deemed to be involuntary. *Kinser*, 654 S.W.2d at 903. This is because the inference is strong that a judgment paid after execution or garnishment has issued is paid as the result of legal coercion. *Id.*[5] However, in our review of cases on the subject we do not perceive that this rule is an automatic rule that has no exceptions. Each case is fact driven. Of course, parties are still at perfect liberty to enter into voluntary compromise agreements, settlements, and accords of

5. *Kinser* is factually distinguishable from the instant case. *Kinser* primarily involved a partial payment of a malpractice award by a malpractice carrier after a garnishment had issued, and the right of the physician involved to appeal the judgment.

disputed claims despite the fact that an execution/garnishment may have issued prior thereto.

Here, as the "Agreed Statement as the Supplemental Record on Appeal" reflects, a post-judgment "Stipulation," was entered into by all parties. In the context of a trial, "[s]tipulations are controlling and conclusive, and the courts are bound to enforce them." *Bock v. Broadway Ford Truck Sales, Inc.,* 55 S.W.3d 427, 436 (Mo.App.2001). "A stipulation should be interpreted in view of the result, which the parties were attempting to accomplish." *Id.*

By its plain meaning, this post-judgment "Stipulation," in reality, constitutes a separate understanding among the judgment creditors and debtors, i.e., the parties herein, providing, *inter alia,* a satisfaction of the November 17, 2000, judgment; a recognition that by executing the document Appellants had not consented to the validity of the November 17, 2000, judgment; and the conveyance to the Huthsing Trustee of two tracts of real property in Newton County, Missouri.

We do not agree that Appellants were coerced into either signing the "Stipulation" or accepting its provisions. First, paragraph (6) of the "Stipulation" expressly sets out that Appellants' execution of the document "shall not be considered as a consent to the validity of said judgment as said parties have duly appealed the same." Second, we observe that paragraph (5) of the "Stipulation" sets out that "[s]o long as [Appellants and Richard] are current on payments under this stipulation [Respondents] agree not to execute on this Judgment against any of the [Appellants and Richard]." Significantly, lined out and

struck from the "Stipulation" is a phrase which reads: "provided [Evelyn] and [the Huthsing Trust] either post the $160,000 bond or dismiss her appeal." This denotes some bargaining power on the part of Appellants, as opposed to abject acquiescence. Additionally, the Huthsing Trustee received a benefit from the "Stipulation" as a result of being named donee of two tracts of land in Newton County—a portion of which gave rise to the original dispute.[6]

Accordingly, it is our view that the practical effect of our reversal of the trial court's order which denied Appellants' motion to vacate the November 17, 2000, judgment and quash the execution/garnishment would result in Appellants having no cause of action left to defend against. This is because the November 17, 2000, judgment was satisfied by Respondents' execution of a document entitled "Satisfaction of Judgment," which has been filed with the trial court. By specifically acknowledging payment and satisfaction "of the judgment in the principal amount of $140,000.00 entered on November 17, 2000," prima facie evidence has been presented showing that the judgment has been paid. *U.S. v. Brooks,* 40 S.W.3d 411, 416 (Mo.App.2001). Where the acknowledgment of satisfaction is bona fide and correctly done, which the record here fully supports that it is and has, it forever discharges and extinguishes the judgment in question. *Id.*

Further, Respondents have expressly acknowledged that by their execution of the "Stipulation" they conveyed by warranty deed the real estate referred to in Count III for specific performance as found in their original petition, together with additional lands. Lastly, Appellants

---

**6.** In the "Agreed Statement as the Supplemental Record on Appeal" Respondents concede that, "Respondents conveyed the real estate referred to in Count III of their petition plus additional real estate to Appellant by Warranty Deed...."

have filed no counterclaims against Respondents, nor do they have claims against third parties arising from Respondent's original petition.

In view of the foregoing, a reversal of the trial court's judgment by us would have no practical effect upon any then existing controversy. *Reed,* 41 S.W.3d at 473. "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.* (quoting *Armstrong,* 990 S.W.2d at 64). Accordingly, we dismiss Appellants appeal as being moot. *Id.*

MONTGOMERY, J., concurs.

SHRUM, P.J., dissents in Separate Opinion.

KENNETH W. SHRUM, Presiding Judge, dissenting.

I respectfully dissent. Although a *voluntary satisfaction* of a judgment ordinarily renders an appeal from that judgment moot, *Two Pershing Square, L.P. v. Boley,* 981 S.W.2d 635, 638[4] (Mo.App. 1998), an *involuntary* payment or satisfaction of a judgment does not have that effect. *Kinser v. Elkadi,* 654 S.W.2d 901, 903 (Mo.banc 1983). Generally, a payment is considered involuntary when, as here, it is made to forestall collection and no supersedeas bond is posted. *Boley,* 981 S.W.2d at 638[5]. "The inference is strong that a judgment paid after execution or garnishment has issued was paid as a result of legal coercion." *Kinser,* 654 S.W.2d at 903. Moreover, a payment to stop the accrual of interest on a judgment is considered involuntary. *Id.; Boley,* 981 S.W.2d at 638–39.

Here, as in *Kinser,* Appellant has consistently insisted on her right to appeal. 654 S.W.2d at 904. As happened in *Kinser,*

payment and satisfaction of the judgment came in response to an execution and garnishment. *Id.* at 902. By satisfying the judgment, Appellant not only minimized her obligation to pay the statutory interest on the judgment and eliminated the threat of forced payment, she also received the land. Given these facts, it is reasonable to infer that Appellant paid the judgment, at least in part, to avoid paying additional interest and to receive something more than mere satisfaction of the judgment in exchange for payment of the judgment sum. In my view, the strong inference of legal coercion spoken of in *Kinser* attends here and compels a finding that satisfaction of this judgment was involuntary. I would deny the motion to dismiss this appeal and address it on its merits.