

# Missouri Court of Appeals

## Southern District

### Division Two

EDWARD A. RILEY, II, and )
NATALIE D. RILEY, )
         )
    Plaintiffs-Respondents, )
         )
v. )    No. SD36099
         )    Filed: March 16, 2020
RANDALL ZOLL and )
LANDALL ZOLL, )
         )
    Defendants-Appellants. )

### APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable John C. Spielman, Special Judge

## **APPEAL DISMISSED**

Randall and Landall Zoll (the Zolls) appeal from a judgment entered against them in an unlawful detainer action. The trial court decided that Edward and Natalie Riley (hereinafter referred to individually by their given names and collectively as the Rileys) were entitled to immediate possession of farmland leased to the Zolls because the Zolls had breached the lease.

On appeal, the Zolls argue that the trial court committed several errors in granting relief to the Rileys in their unlawful detainer action. We do not reach the merits of those arguments because we have determined that this appeal is moot.

Pursuant to a written agreement, the Zolls leased 106 acres of farmland from January 1, 2011 through December 31, 2019 from the Morrells. Ownership of the land subject to the lease was later transferred to the Rileys. On November 29, 2018, Edward filed an unlawful detainer petition against the Zolls. The petition alleged that the Zolls breached the lease by subletting the farmland to another entity without the landlord's written consent. The case was tried on March 11, 2019. Prior to the presentation of evidence, Natalie was added as a plaintiff. On April 15, 2019, the trial court entered judgment in favor of the Rileys and against the Zolls. The court found that the Zolls had breached the lease and that the Rileys were "entitled to immediate possession of said real estate."

On appeal, the Zolls' four points focus only on alleged trial court errors in awarding immediate possession of the farmland to the Rileys based upon their unlawful detainer petition. A threshold question in the appellate review of a controversy, however, is whether the matter has become moot due to subsequent events. *See* **State ex rel. Reed v. Reardon**, 41 S.W.3d 470, 473 (Mo. banc 2001). "In deciding whether a case is moot, an appellate court is allowed to consider matters outside the record." **Id**.; **Medlin v. RLC., Inc.**, 194 S.W.3d 926, 930 (Mo. App. 2006). An appeal is moot when a decision on the merits would not have any practical effect upon any then-existing controversy. **D.C.M. v. Pemiscot Cty. Juvenile Office**, 578 S.W.3d 776, 780 (Mo. banc 2019); **In re Smith**, 351 S.W.3d 25, 26 (Mo. App. 2011). In the respondents' brief, the Rileys argue that this appeal is moot for two reasons. We will examine each argument in turn.

First, the Rileys' brief states that, after the judgment was entered, the Zolls vacated the farmland, removed their irrigation pump, planted no crops and tendered no rent for

2

2019. These statements are supported by Edward's affidavit, which was included in the appendix to the Rileys' brief. The Zolls have not, by reply brief or otherwise, challenged the accuracy of these statements. Moreover, our own examination of the record in the underlying unlawful detainer action does not reveal that the Rileys utilized any legal process to involuntarily remove the Zolls from the farmland. It is well settled that a party may be estopped from taking an appeal by performing acts after rendition of the judgment which are clearly inconsistent with the right of appeal. *See, e.g.*, **Stevens Family Trust v. Huthsing**, 81 S.W.3d 664, 667 (Mo. App. 2002). Any voluntary act by a party which expressly or impliedly recognizes the validity of the judgment may create such an estoppel. *Id*. We agree with the Rileys that the Zolls' decision to surrender possession of the farmland was a voluntary acquiescence in the judgment that rendered this appeal moot. *See* **Southern Missouri Dist. Council of the Assemblies of God, Inc. v. Kirk**, 334 S.W.3d 599, 602 (Mo. App. 2011).

Second, the unlawful detainer action only decided that the Rileys were entitled to immediate possession of the farmland.[1] Any right the Zolls had to possess that land ended when the lease expired by its own terms on December 31, 2019. Accordingly, our review of the trial court's judgment – which only decided who was entitled to immediate possession of the farmland in April 2019 – would have no practical effect upon an existing controversy. *See* **STRCUE, Inc. v. Potts**, 386 S.W.3d 214, 219 (Mo. App. 2012) (after the

---

[1] Unlawful detainer has historically been employed as a swift and efficient remedy to restore an owner to possession of real property. *See* **Wells Fargo Bank, N.A. v. Smith**, 392 S.W.3d 446, 453-54 (Mo. banc 2013). The immediate right of possession is the principal issue decided in such an action. *See* **Walker v. Anderson**, 182 S.W.3d 266, 268-69 (Mo. App. 2006); **S.L. Motel Enters., Inc. v. E. Ocean, Inc.**, 751 S.W.2d 114, 117 (Mo. App. 1988).

leases at issue naturally expired by their terms, no live controversy remained and the appeal had to be dismissed).  For all of these reasons, the Zolls' appeal is dismissed.


JEFFREY W. BATES, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR